UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 26-cv-21514-JB


JOSBEL BRAULIO PINO MENAS,

     Petitioner,

v.

WARDEN, KROME SERVICE
PROCESSING CENTER, *et al.*

     Respondents.

_____/

### ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

**THIS CAUSE** comes before the Court upon Petitioner Josbel Braulio Pino Menas' Verified Petition for Writ of Habeas Corpus (the "Petition"). ECF No. [1]. Respondents filed a Return Opposing Petition for Writ of Habeas Corpus and Petitioner filed a Traverse. ECF Nos. [7], [8]. Upon due consideration of the parties' submissions, the pertinent portions of the record, and the applicable law, for the reasons explained below, the Petition is **DENIED**.

## I.   BACKGROUND

Petitioner is a Cuban citizen who entered the United States on or around June 20, 2019. *See* ECF No. [6-1]. At the time of his initial encounter with Customs and Border Protection ("CBP"), CBP determined that Petitioner was an alien who illegally entered the United States from Mexico and arrested and transported him to the Rio Grande Valley Centralized Processing Center where he was processed for "Expedited

1

Removal with Credible Fear." *Id.*   On September 12, 2019, the United States Department of Homeland Security ("DHS") issued a Notice to Appear ("NTA"), charging Petitioner with inadmissibility under section 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA") as "an alien present in the United States who has not been admitted or paroled," and as an immigrant who "is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document."   ECF No. [6-3].   Petitioner's NTA also indicates that an asylum officer found that Petitioner demonstrated a credible fear of persecution or torture. *Id.*

On October 7, 2019, Petitioner appeared before an Executive Office for Immigration Review ("EOIR") immigration judge ("IJ"), who ordered that Petitioner be released from custody under bond of $10,000.   ECF No. [6-4].

On August 18, 2022, Petitioner was arrested by the Collier County Sheriff's Office for driving without a registered tag, and possession of a controlled substance. *See* ECF No. [6-6] at 3.   According to Ricardo J. Herrero, a Deportation Officer with Immigration and Customs Enforcement ("ICE"), Petitioner was transferred to ICE custody on August 24, 2022.   ECF No. [6-2] ¶12.   Officer Herrero also stated that Petitioner was paroled on October 7, 2022, and re-arrested on January 6, 2025, for possession of a controlled substance and drug paraphernalia.   ECF No. [6-2] ¶16. Officer Herrero's declaration states that Petitioner was convicted of both charges and was sentenced to twelve months of confinement. *Id.* ¶ 17.   On October 25, 2025,

Petitioner was released from custody and then taken into ICE Custody.  ECF No. [6-6] at 3.

On March 3, 2026, Petitioner filed the instant Petition.  ECF No. [1].  Petitioner challenges the constitutionality of his continued detention under *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).  *Id.* at 6.  Petitioner asks the Court for a hearing and for Respondents to explain why he should not be released from DHS custody.  *Id.* at 7.

Respondents filed their Response to the Petition.  ECF No. [6].  Respondents argue that "Petitioner is in expedited removal and lawfully detained as required by 8 U.S.C. 1225(b)(1)" and the Court "lacks jurisdiction to review DHS's decision to place Petitioner in expedited removal."  *Id.* at 1, 3.  Respondents further argue that "Petitioner is not eligible for release or even bond because he is in expedited removal and detained under the authority provided in 8 U.S.C. § 1225(b)(1)—*not* 8 U.S.C. § 1226(a)" and that "[t]his is true even though Petitioner is applying for asylum."  *Id.* at 8.  Finally, Respondents argue that Petitioner's detention does not violate his due process rights.  *Id.* at 9.

## II.   ANALYSIS

District courts have the authority to grant writs of habeas corpus.  *See* 28 U.S.C. § 2241(a).  Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted).  A writ may be issued to a petitioner who shows that he is being held in custody in violation of the Constitution or federal law.  *See* 28 U.S.C. § 2241(c)(3).  The Court's jurisdiction

extends to challenges involving immigration detention.  *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

### A.  Legality of Petitioner's Mandatory Detention

Although Petitioner does not challenge the statute pursuant to which he was detained, Respondents contend that Petitioner is detained under the authority provided in 8 U.S.C. § 1225(b)(1), making him subject to mandatory detention and ineligible for a bond hearing.  ECF No. [6] at 8–9.  For the reasons that follow, this Court agrees.

Section 1225 governs the inspection, detention, and removal of applicants for admission.  *See* 8 U.S.C. § 1225 *et seq*.  Applicants for admission are defined as noncitizens "present in the United States who ha[ve] not been admitted" or those "arriv[ing] in the United States." *Id*.  All applicants for admission "must be inspected by immigration officers to ensure that they may be admitted into the country consistent with U.S. immigration law." *Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018).  To that end, "U.S. immigration law authorizes the Government to detain certain aliens *seeking admission* into the country under §§ 1225(b)(1) and (b)(2)." *Id*. at 289 (emphasis added).

"Section 1225(b)(1) applies to aliens initially determined to be inadmissible due to fraud, misrepresentation, or lack of valid documentation." *Id*.  Such noncitizens are generally subject to expedited removal "without further hearing or review."  8 U.S.C. § 1225(b)(1).  However, if the noncitizen expresses "an intention to apply for asylum" or a fear of persecution," the statute requires referral to an interview with

4

an immigration officer. *Id.* § 1225(b)(1)(A)(ii). If the immigration officer finds a "credible fear," the noncitizen "shall be detained for further consideration of the application for asylum." *Id.*

On the other hand, "Section 1225(b)(2) is broader" and "serves as a catchall provision that applies to all applicants for admission not covered by § 1225(b)(1)." *Jennings*, 583 U.S. at 287. Noncitizens covered under § 1225(b)(2) are detained for removal proceedings "if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted" into the country. 8 U.S.C. § 1225(b)(2)(A). Importantly, detention under § 1225(b)(2) is mandatory. *See Gomes v. Hyde*, No. 25-cv-11571, 2025 WL 1869299, at *8 (D. Mass. July 7, 2025).

Here, Petitioner was transferred to ICE custody and determined to be inadmissible under 8 U.S.C. § 1182(a)(7). Under Section 1225(b)(1)(A)(i), an alien properly characterized as one "under section 1182(a)(6)(C) or 1182(a)(7)" by an immigration officer shall be removed from the United States "without further hearing or review unless the alien indicates either an intention to apply for asylum under section 1158 of [the INA] or a fear of persecution." 8 U.S.C. § 1225(b)(1)(A)(i). Although Petitioner has a pending application for asylum, ECF No. [6-6] at 2, such application does not bear on the ultimate question of entitlement to a bond hearing; rather it bears solely on the ultimate question of removal. *See* 8 U.S.C. § 1225(b)(1)(A)(i). Petitioner's requested relief is for release or a bond hearing, and he may still be detained while any application for asylum is pending. *Dep't of Homeland*

*Sec. v. Thuraissigiam*, 591 U.S. 103, 111 (2020) ("Applicants who are found to have a credible fear may also be detained pending further consideration of their asylum applications." (*first citing* 8 U.S.C. § 1225(b)(1)(B)(ii); *then citing Jennings v. Rodriguez*, 583 U.S. 281, 277–78 (2018))). Therefore, Petitioner is properly detained without a bond hearing pursuant to Section 1225(b).

### B. Petitioner's Detention Does Not Violate Due Process

Petitioner argues that his detention violates due process, citing to the Supreme Court's opinion in *Zadvydas v. Davis*, 533 U.S. 678 (2001). ECF No. [1] at 6. In *Zadvydas*, the Supreme Court considered the petitions of two resident aliens who challenged the constitutionality of their detention pursuant to 8 U.S.C. § 1231(a)(6), which permits the Government to detain an alien subject to a final order of removal beyond the 90-day statutory removal period set forth in § 1231(a)(1). *Id.* at 682. Although no country was willing to accept either alien once they were ordered removed, the Government continued to detain them after the expiration of § 1231(a)(1)'s 90-day removal period. *Id.* at 684-86. The Supreme Court held that a detainee may file a petition for writ of habeas corpus to challenge the reasonableness of their continued detention when the Government is unable to effectuate removal within the 90-day removal period. *Id.* at 687.

The Supreme Court further held that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute" because "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem." *Id.* at 690, 699. In so ruling, the Supreme Court explained

6

that it is presumptively reasonable for the Government to detain an individual for a period of six months while it effectuates that individual's removal. *Id.* at 701. However, after this six-month period, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute" and grant the petition for writ of habeas corpus, "conditioned on any of the various forms of supervised release that are appropriate in the circumstances . . . ." *Id.* at 699–700.

However, the procedural posture of *Zadvydas* is different than one present here, as *Zadvydas* involved a "post-removal-period detention statute." *Id.* at 683. Because Petitioner is not in post-removal proceedings, *Zadvydas* provides him no relief. *See Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) (explaining that to state a valid claim under *Zadvydas*, a petitioner must show (1) "*post removal order detention* in excess of six months," and (2) "a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" (emphasis added)); *Guerra v. Director Fla. Soft Side Detention Ctr.*, No. 26-cv-756, 2026 WL 936453, at *4 (M.D. Fla. Apr. 7, 2026) ("*Zadvydas* provides [petitioner] no help here for a simple and fundamental reason: he is detained under a completely different statutory scheme.").

In *Denmore v. Kim*, the Supreme Court addressed the constitutionality of the "detention of deportable criminal aliens *pending their removal proceedings*"—the procedural posture at issue here. 538 U.S. 510, 527 (2003). Finding "[d]etention during removal proceedings [to be] a constitutionally permissible part of that

process," the Court considered and concluded that individuals like Petitioner could be detained without any finding as to whether they posed a flight risk or danger to society." *Id.* at 524–25.  While the Court is aware that has spent upwards of eight months in detention, an "alien's detention without a bond hearing [ ] often become[s] unreasonable by the one-year mark, depending on the facts of the case." *Sopo v. U.S. Att'y Gen.*, 825 F.3d 1199, 1217 (11th Cir. 2016), *vacated by Sopo v. U.S. Att'y Gen.*, 890 F.3d 952 (11th Cir. 2018).  Accordingly, the Court declines to afford Petitioner' relief at this time.

### C. Petitioner's Conditions Of Confinement Are Outside Of The Scope Of Habeas Relief.

Loosely construed, Petitioner also challenges the conditions of his confinement the legality of his detention due to the conditions of his confinement.  ECF No. [1] at 7 ("the circumstances of [his] detention are similar . . . to those in many prisons and jail[s] and in some cases heir conditions are inappropriately[*sic*] poor").  Because Petitioner's claim concerns the conditions of his confinement, rather than the *fact* of his confinement, it is outside the scope of habeas relief.  *See Vaz v. Skinner*, 634 F. App'x 778, 780 (11th Cir. 2015) ("Claims challenging the fact or duration of a sentence fall within the 'core' of habeas corpus, while claims challenging the conditions of confinement fall outside of habeas corpus law.").  Moreover, "release from imprisonment is not an available remedy for a conditions-of-confinement claim." *Id.*, 634 F. App'x at 778; *see also Gomez v. United States*, 899 F.2d 1124, 1126 (11th Cir. 1990) ("The appropriate Eleventh Circuit relief from prison conditions . . . is to require the discontinuation of any improper practices . . . [it] does not include release from

confinement."). Accordingly, Petitioner's claim challenging the conditions of his confinement is dismissed without prejudice because a habeas petition is not the appropriate vehicle to raise this claim. Such a claim is properly brought, if at all, pursuant to 42 U.S.C. § 1983. *See Vaz*, 634 F. App'x at 780.

### D. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1.      Petitioner Josbel Braulio Pino Menas' Verified Petition for Writ of Habeas Corpus, ECF No. [1], is **DENIED**.

2.      The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida this 6th day of July, 2026.

_____

**JACQUELINE BECERRA**
**UNITED STATES DISTRICT JUDGE**

9